IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SETH MATURIN**, **BENJAMIN BERNHEISEL**, **DUSTIN BOUTTE**, **GAIGE TOUCHET**, and **TOMMY WALKER**, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**NATURE WORKS**, a Louisiana corporation, and **ERIC L. LANDRY**, an individual<br><br>Defendants. | Docket No. _____<br><br>**COLLECTIVE ACTION<br>COMPLAINT AND JURY DEMAND** |

**COLLECTIVE ACTION COMPLAINT
AND JURY DEMAND**

Plaintiffs SETH MATURIN, BENJAMIN BERNHEISEL, DUSTIN BOUTTE, GAIGE TOUCHET, and TOMMY WALKER, by and through their attorneys, THE JTB LAW GROUP, LLC, and BREAUD AND MEYERS APLC, as and for their Complaint against Defendants NATURE WORKS and ERIC L. LANDRY, allege of their own knowledge as to their own conduct and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

1. This case arises out of the persistent and willful failure of Defendants NATURE WORKS ("Nature Works" or the "Company") and ERIC L. LANDRY ("Landry") (collectively, "Defendants") to properly compensate Plaintiffs SETH MATURIN ("Maturin"), BENJAMIN BERNHEISEL ("Bernheisel"), DUSTIN BOUTTE ("Boutte"), GAIGE TOUCHET ("Touchet"), and TOMMY WALKER ("Walker"), and all other similarly situated employees of Defendants.

2.     This is a collective action brought by Plaintiffs, former employees of Defendants, on behalf of themselves and all other similarly situated persons who are or were employed by Defendants, during the timeframes permissible under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and applicable administrative rules and regulations.

3.     Defendant Nature Works provides landscaping services to business, residential, and government clients in and around New Iberia, Louisiana. On information and belief, Defendant Landry is the owner of Defendant Nature Works.

4.     Plaintiffs were employed by Defendants to perform lawn care, landscaping, and maintenance duties – fertilizing and cutting grass, planting flowers and bushes, trimming bushes, raking leaves, etc.

5.     Defendants violated the FLSA by failing to pay Plaintiffs an overtime premium for all time worked in excess of forty (40) hours each week, in violation of 29 U.S.C. § 207(a)2.

6.     By reason of Defendants' persistent and willful violations of the FLSA, Plaintiffs were illegally underpaid for their work.

7.     Plaintiffs bring this action as individuals to recover monetary damages, liquidated damages, and interest and costs, including reasonable attorney's fees, as a result of Defendants' willful violation of the FLSA.

8.     Plaintiffs also assert FLSA claims pursuant to 29 U.S.C. § 216(b) on behalf of other similarly situated current and former employees of Defendants who were/are also affected by Defendants' policy of failing to pay their employees an overtime premium for time worked in excess of forty (40) hours each week.

9. For at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally violated the above-referenced federal statutes and regulations, in the manner described herein.

10. Plaintiffs also assert individual claims pursuant to the Louisiana Wage Payment Act ("LWPA"), La. Rev. Stat. §§ 23:631 *et seq.*

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action is brought for violations of the FLSA, a federal statute.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b)(2), because all or substantially all of the events and omissions that give rise to this action occurred in this District.

## THE PARTIES

*Plaintiffs*

13. Plaintiffs are all former employees of Defendants. At all times relevant herein, all Plaintiffs were residents of Iberia Parish, State of Louisiana. Plaintiffs Dustin Boutte and Benjamin Bernheisel currently reside in Avoyelles Parish, State of Louisiana. All other Plaintiffs currently reside in Iberia Parish.

14. Plaintiff Maturin was employed by Defendants from March 2014 until May 16, 2015.

15. Plaintiff Bernheisel was employed by Defendants from March 2013 through January 2014, and then again from March or April 2015 until October 2015.

16. Plaintiff Dustin Boutte was employed by Defendants from September 2012 until July 2015.

17. Plaintiff Touchet was employed by Defendants from November 2014 until July 2015.

18. Plaintiff Walker was employed by Defendants from June 2013 until October 2014.

19. Each of the above-named Plaintiffs consents to being a party pursuant to 29 U.S.C. § 216(b), and brings the claims herein on his own behalf and as a representative party of a prospective collective of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

20. Defendant Nature Works is a corporation organized and existing under the laws of the State of Louisiana, with a principal place of business at 406 Landview Drive, New Iberia, Louisiana 70563.

21. On information and belief, Defendant Landry is the owner of Defendant Nature Works.

22. On information and belief, at all relevant times Defendant Landry possessed operational control over, possessed an ownership interest in, and/or controlled significant business functions of Defendant Nature Works.

23. On information and belief, at all times relevant herein Defendant Landry had the authority to hire and fire employees of Defendant Nature Works, including Plaintiffs, and established their schedules, maintained their records, and determined their wages and compensation.

24. At all times relevant herein, Defendants individually and/or jointly have had annual gross revenues of more than $500,000.

25. Defendants have employees who handle, sell, or work on or with goods or materials, such as lawn care and landscaping tools and equipment, plants, fertilizers, and chemicals, that have moved in or been produced for commerce.

26. Defendants are employers as that term is defined under the FLSA, and are engaged in interstate commerce as that phrase is defined under the FLSA.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*
*Or, In The Alternative, Constitute A Single Employer*

27.   Plaintiffs repeat and reallege all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

28.   At all relevant times, Defendants were associated and joint employers, acted in the interest of each other with respect to employees, paid employees by the same methods, and shared control over the employees.

29.   At all relevant times, Defendants jointly employed Plaintiffs and all similarly situated individuals, and were their employers within the meaning of the FLSA.

30.   In the alternative, Defendants constituted a single employer of Plaintiffs and all similarly situated individuals.

31.   During the times of Plaintiffs' employment, Defendant Nature Works:

   a. determined Plaintiffs' work schedules;

   b. determined Plaintiffs' compensation;

   c. supervised Plaintiffs; and

   d. maintained records pertaining to Plaintiffs' employment.

32.   During the time of Plaintiffs' employment, Defendant Landry:

   a. determined Plaintiffs' work schedules;

   b. determined Plaintiffs' compensation;

   c. supervised Plaintiffs; and

   d. maintained records pertaining to Plaintiffs' employment.

*Plaintiffs' Employment By Defendants*

33.   Plaintiffs performed lawncare and landscaping work for Defendants.

34. During the time period relevant herein, Defendants assigned Plaintiffs to two crews.

35. Each crew consisted of one driver and one laborer, or "hand." During much of the time period relevant herein, Plaintiff Boutte was a driver. During all of the time period relevant herein, Plaintiffs Maturin, Bernheisel, Touchet, and Walker were hands.

36. While all Plaintiffs performed essentially the same manual work at each job site, Plaintiff Dustin Boutte had additional duties and responsibilities as a driver, as explained below.

37. Each crew had a route for each day of the week, with particular residential, commercial, and governmental clients that the crew would service that day.

38. Each day, Plaintiffs would continue working until the required work was completed. Often, this meant working from sun-up to sun-set, seven days per week.

39. Plaintiff Boutte was hired in September 2012 as an hourly employee. Sometime in 2013, he was given additional duties as a truck driver, and was put on a salary of $1,200 every two weeks, or $600 per week.

40. Plaintiff Boutte had the same duties as the other Plaintiffs, plus a few, limited, additional duties and responsibilities. He worked the same hours and did the same manual work at each job site as the hands. In addition:

   a. he was responsible for making sure his truck was fully loaded and ready for each day's work;

   b. he drove between the shop and the job sites, picking up his co-workers along the way; and

   c. he was ultimately responsible for his crews' tools and equipment.

41. Plaintiff Boutte's additional duties and responsibilities did *not* extend to administrative or supervisory duties. For instance:

   a. he could not hire or fire hands, and any recommendations he made to Landry as to who to hire or fire carried no particular weight;

  b. he did not have authority to discipline hands;

  c. he had no control over the schedules of their crews;

  d. he had no say in what work to perform for any given client of Nature Works;

  e. he had no contact with the clients; and

  f. he had no input in Landry's decisions as to which clients to accept and what rates to charge them.

42. All Plaintiffs other than Dustin Boutte were paid an hourly rate for the entirety of their respective tenures as employees of Defendants.

43. Plaintiff Maturin began working for Defendants sometime in March 2014, and continued until May 16, 2015.

44. Plaintiff Maturin typically worked 60-80 hours per week, and was paid $9.25 per hour for every hour he worked.

45. For instance, during the two-week pay period from September 2-15, 2014, Plaintiff Maturin worked a total of 120½ hours, at least 40½ of which were hours worked in excess of 40 hours per week. He was paid at a rate of $9.25 per hour for all of that time, for a total of $1,114.63. He was not paid an overtime premium for any hours worked in excess of 40 hours per week.

46. Plaintiff Bernheisel worked for Defendants from March 2013 through January 2014, and then again from March or April 2015 until October 2015.

47. Plaintiff Bernheisel typically worked 60-80 hours per week. He was paid $8.25 per hour for every hour he worked, except during the three-month period from November 2013 through January 2014, during which he was paid $8.50 per hour.

48. For instance, during the two-week pay period from June 16-July 1, 2015, Plaintiff Bernheisel worked a total of 153½ hours, at least 73½ of which were hours worked in excess of

40 hours per week. He was paid at a rate of $8.25 per hour for all of that time, for a total of $1,266.38. He was not paid an overtime premium for any hours worked in excess of 40 hours per week.

49. Plaintiff Boutte was hired by Defendants in September 2012 as an hourly employee. He was paid on an hourly basis at least until mid-August of 2013. Sometime after that, he was given additional duties as a driver and put on salary.

50. Plaintiff Boutte typically worked 60-80 hours per week. While he was an hourly employee, he was paid $9.25 per hour for every hour he worked.

51. For instance, during the two-week pay period from July 16-August 1, 2013, Plaintiff Boutte worked a total of 148½ hours, at least 68½ of which were hours worked in excess of 40 hours per week. He was paid at a rate of $9.25 per hour, for a total of $1,373.63. He was not paid an overtime premium for any hours worked in excess of 40 hours per week.

52. Once Plaintiff Boutte became a salaried employee, he was paid a flat rate of $1,200 every two weeks, or $600 per week. Because he continued to work at least 60-80 hours per week, this meant that while he was salaried he was paid at an effective rate of between $7.50 and $10 per hour.

53. Plaintiff Touchet worked for Defendants from November 2014 until July 2015.

54. Plaintiff Touchet typically worked 60-80 hours per week, and was paid $7.75 per hour until March 2015, when his pay was raised to $8.25 per hour.

55. For instance, during the two-week pay period from June 16-July 1, 2015, Plaintiff Touchet worked a total of 140 hours, at least 60 of which were hours worked in excess of 40 hours per week. He was paid at a rate of $8.25 per hour, for a total of $1,155.00. He was not paid an overtime premium for any hours worked in excess of 40 hours per week.

56. Plaintiff Walker worked for Defendants from June 2013 until October 2014.

57. Plaintiff Walker typically worked 60-80 hours per week, and was paid $8.25 per hour until January 2014, when his pay was raised to $9.25 per hour.

58. For instance, during the two-week pay period from July 16-August 1, 2013, Plaintiff Walker worked a total of 148½ hours, at least 68½ of which were hours worked in excess of 40 hours per week. He was paid at a rate of $8.25 per hour, for a total of $1,225.13. He was not paid an overtime premium for any hours worked in excess of 40 per week.

59. Defendants paid their hands from the time they arrived at the day's first job site until the time they left the last job site. The hands were required to enter these times in log books kept in their crews' trucks.

60. Defendant Landry sometimes "adjusted" Plaintiffs' hours after they turned in the log books, so as to not pay them even for all the time they recorded at their job sites.

*Defendants' Violations*

61. The FLSA requires employers to pay non-exempt employees an overtime premium of 1½ times their regular rate of pay for all time worked in excess of 40 hours in a workweek. *See* 29 U.S.C. § 207(a)(1).

62. An employee is not exempt from the FLSA's minimum wage and overtime provisions simply because he is paid a salary. Rather, a salaried employee is exempt from these provisions *only* if his assigned duties and responsibilities fall within one of the exemptions described in 29 U.S.C. § 213 and the accompanying regulations.

63. Plaintiff Dustin Boutte had no duties and responsibilities that qualified him as an exempt employee under 29 U.S.C. § 213 and the accompanying regulations.

64. Defendants Nature Works and Landry failed to pay Plaintiffs and their other employees an overtime premium of one and one-half (1½) times their regular rate of pay for all time worked in excess of forty (40) hours in a workweek.

65. Defendants Nature Works and Landry illegally underpaid Plaintiffs and their other employees, in violation of the FLSA.

66. When the employment of each Plaintiff ended, Defendants did not pay the amount that was due, either on or before the next regular payday or no later than fifteen days following the date of that Plaintiff's separation from employment, as required under Section 631 of the LWPA, La. Rev. Stat. § 23:631.

67. On May 11, 2016, Plaintiffs demanded their unpaid wages by sending a copy of this Complaint and the letter attached hereto as **Exhibit A** via U.S.P.S. Priority Mail to the location where they were routinely paid when employed by Defendants. According to U.S.P.S. records, the Complaint and letter were delivered at 1:16 pm on May 14, 2016. *See* **Exhibit B**, attached hereto.

68. As of the filing of this Complaint, Defendants have not paid Plaintiffs the wages they are owed.

## COLLECTIVE ALLEGATIONS

69. Plaintiffs repeat and reallege all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

70. At all times relevant herein, Defendants had a common policy of requiring or allowing Plaintiffs and their other employees to work over forty (40) hours per week.

71. As a result of this policy, Plaintiffs and other employees of Defendants regularly worked over forty (40) hours per week.

72. Plaintiffs and other employees of Defendants were not paid the overtime pay to which they were entitled for all time worked in excess of forty (40) hours per week.

73. At all times relevant herein, Plaintiffs and other employees of Defendants have been similarly situated, in that they have been subjected to Defendants' generally applied policy of illegally underpaying their employees for the time they worked.

74. Plaintiffs brings their FLSA claims both individually and collectively pursuant to 29 U.S.C. § 216(b), on behalf of themselves and all current and former employees of Defendants who have been illegally underpaid for the time they worked.

75. The proposed FLSA Collective is defined as:

> **All drivers and hands employed by NATURE WORKS and/or ERIC L. LANDRY at any time from three (3) years prior to the filing of this Complaint to the present.**

### FIRST CLAIM FOR RELIEF
### (FLSA INDIVIDUAL VIOLATIONS)

76. Plaintiffs repeat and reallege all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

77. At all times relevant herein, Defendants employed Plaintiffs within the meaning of the FLSA.

78. At all times relevant herein, Plaintiffs were non-exempt employees within the meaning of the FLSA.

79. At all times relevant herein, Defendants were employers subject to the overtime provisions of the FLSA.

80. Defendants regularly required or allowed Plaintiffs to work more than forty (40) hours in a week.

11

81. Defendants failed to pay Plaintiffs an overtime premium for all time they worked in excess of forty (40) hours per week.

82. Defendants knew or should have known of their obligation under the FLSA to pay Plaintiffs an overtime premium for all time worked in excess of forty (40) each week.

83. Defendants' wrongful acts and omissions, as alleged herein, were not made in good faith, or in conformity with or reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or the Louisiana Workforce Commission, or any administrative practice or enforcement policy of any such agency.

84. Defendants' above-described violations of the FLSA were willful, arbitrary, unreasonable and in bad faith.

85. Because Defendants willfully violated the FLSA, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

86. As a result of the foregoing, Plaintiffs were each illegally deprived of compensation earned, in such amounts as may be determined at trial, and are each entitled to recovery of all unpaid amounts, liquidated damages, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## (FLSA COLLECTIVE VIOLATIONS)

87. Plaintiffs repeat and reallege all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

88. At all times relevant herein, Defendants employed Plaintiffs and members of the putative collective within the meaning of the FLSA.

89. Plaintiffs and members of the putative collective were non-exempt employees within the meaning of the FLSA.

90. Defendants failed to pay Plaintiffs and the members of the putative collective at least minimum wage for all hours worked.

91. Defendants regularly required or allowed Plaintiffs and the members of the putative collective to work more than forty (40) hours in a week.

92. As a result, Plaintiffs and the members of the putative collective regularly worked more than forty (40) hours in a week.

93. Defendants failed to pay Plaintiffs and the members of the putative collective an overtime premium for all time worked in excess of forty (40) hours per week.

94. Defendants' conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

95. Because Defendants willfully violated the FLSA, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

96. As a result of the foregoing, Plaintiffs and members of the putative collective were illegally deprived of compensation earned, in such amounts as may be determined at trial, and are entitled to recovery of all unpaid amounts, liquidated damages, prejudgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C. § 216(b).

### THIRD CLAIM FOR RELIEF
### (LOUISIANA WAGE PAYMENT ACT INDIVIDUAL VIOLATIONS)

97. Plaintiffs repeat and reallege all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

98. Defendants violated the Louisiana Wage Payment Act by failing to pay Plaintiffs for all hours worked (the "amounts then due") no later than fifteen (15) days following the date of separation from employment. La. Rev. Stat. §§ 23:631 *et seq.*

99. Upon information and belief, Defendants have failed to maintain adequate records documenting wages owed in accordance with La. Rev. Stat. § 23:14.

100. More than 15 days have elapsed from the time Plaintiffs were discharged or resigned from employment.

101. Plaintiffs made a demand for their unpaid wages at the location where they were routinely paid.

102. Defendants have not paid upon demand.

103. Plaintiffs are entitled to recover unpaid wages, penalty wages, reasonable attorneys' fees and court costs, pursuant to La. Rev. Stat. §§ 23:631 *et seq*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that this Court grant the following relief:

(A) A declaratory judgment that Defendants' pay practices alleged herein violate the FLSA, 29 U.S.C. §§ 201 *et seq*., and attendant regulations at 29 C.F.R. §§ 516 *et seq*.;

(B) An order for injunctive relief ordering Defendants to end all of the illegal pay practices alleged herein pursuant to the FLSA and related regulations;

(C) An order directing Defendants, at their own expense, to investigate and account for the number of hours actually worked by Plaintiffs and all members of the putative FLSA Collective;

(D) An order directing Defendants to supply to Plaintiffs' counsel the names, last known postal addresses, email addresses, and phone numbers of all members of the putative Collective, so that Plaintiffs may send to them notice of this collective action and their right to participate in it;

(E) Judgment for damages for all unpaid compensation under the FLSA;

(F) Judgment for liquidated damages pursuant to the FLSA, in an amount equal to all compensation owed to Plaintiff and all members of the putative FLSA Collective during the applicable statutory period;

(G) Judgment for any and all civil penalties to which Plaintiff and all members of the putative FLSA Collective may be entitled;

(H) An Incentive Award for Plaintiffs;

(I)     Leave to add additional plaintiffs by motion, the filing of written consents, or any other method approved by the Court;

(J)     Equitable tolling effective as of the date of the filing of the Order;

(K)     An order directing Defendants to pay to Plaintiffs and all members of the putative FLSA Collective prejudgment interest, reasonable attorney's fees and all costs connected with this action;

(L)     Judgment awarding the individual named Plaintiffs unpaid wages, penalty wages at their regular rate of pay, court costs and reasonable attorneys' fees pursuant to La. Rev. Stat. § 23:632; and

(M)     Such other and further relief as to this Court may deem necessary, just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all questions of fact raised by the complaint.

Dated: May 16, 2016                                      Respectfully submitted,
Jersey City, New Jersey

**JTB LAW GROUP, LLC**

Patrick S. Almonrode
  (will seek *pro hac vice* admission)
*patalmonrode@jtblawgroup.com*
Jason T. Brown
  (will seek *pro hac vice* admission)
*jtb@jtblawgroup.com*
155 2nd Street, Suite 4
Jersey City, NJ 07302
(201) 630-0000 (office)
(855) 582-5297 (fax)

**BREAUD & MEYERS, APLC**

*/s/ Timothy W. Basden*
Timothy W. Basden, Esq. La. Bar # 21469
*tim@breaudlaw.com*
600 Jefferson Street, Suite 1101
Lafayette, LA 70501
(337) 266-2212 (office)
*Attorneys for Plaintiffs*

15