IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SETH MATURIN, BENJAMIN BERNHEISEL, DUSTIN BOUTTE, GAIGE TOUCHET, AND TOMMY WALKER, on behalf of themselves And all others similarly situated** | * | **CIVIL ACTION NO: 6:16-CV-00715** <br><br> **UNITED STATES DISTRICT JUDGE REBECCA F. DOHERTY** |
| **VERSUS** | * | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |
| **NATURE WORKS, a Louisiana Corporation, AND ERIC L. LANDRY** | * | |

_____

**DEFENDANTS' ANSWER TO COLLECTIVE ACTION
COMPLAINT AND JURY DEMAND**
_____

Defendants, Nature Works and Eric L. Landry ("Defendants"), through undersigned counsel, respond to the Collective Action Complaint and Jury Demand filed on or about May 23, 2016 by Plaintiffs, Seth Maturin, Benjamin Bernheisel, Dustin Boutte, Gaige Touchet, and Tommy Walker, (collectively "Plaintiffs"), as follows:

**LIMITED GENERAL DENIAL**

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants deny all allegations of the Complaint except the designated allegations expressly admitted to below.

**FIRST DEFENSE AND ANSWER TO ALLEGATIONS OF COMPLAINT**

1.  Defendants deny the allegations contained in Paragraph 1 of the Complaint.

2.  Paragraph 2 of the Complaint contains statements for which no answer is required. To the extent an answer is required, Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3.  Defendants deny the allegations contained in Paragraph 3 of the Complaint as written.

4. Defendants deny the allegations contained in Paragraph 4 of the Complaint as written.

5. Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6. Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint contains statements for which no answer is required. To the extent an answer is required, Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint contains statements for which no answer is required. To the extent an answer is required, Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9. Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint contains statements for which no answer is required. To the extent an answer is required, Defendants deny the allegations contained in Paragraph 10 of the Complaint.

## JURISDICTION AND VENUE

11. Paragraph 11 of the Complaint contains statements for which no answer is required. To the extent an answer is required, Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint contains statements for which no answer is required. To the extent an answer is required, Defendants deny the allegations contained in Paragraph 12 of the Complaint.

## THE PARTIES

13. Defendants deny the allegations contained in Paragraph 13 of the Complaint as written.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint contains statements for which no answer is required. To the extent an answer is required, Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint as written.

22. Defendants admit that Landry possessed operational control over and controlled significant business functions of Nature Works. Except as admitted, Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants admit the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

## FACTUAL ALLEGATIONS

27. Defendants adopt and reurge all responses to Paragraph Nos. 1 through 26, as if fully incorporated herein.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants admit that Defendant Landry determined Plaintiffs' work schedules and compensation, supervised Plaintiffs, and maintained records. Except as admitted, Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants admit that Defendant Landry determined Plaintiffs' work schedules and compensation, supervised Plaintiffs, and maintained records. Except as admitted, Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint as written.

34. Defendants admit that Plaintiffs worked on one of two crews. Except as admitted, Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants admit that each crew consisted of a driver and laborer. Defendants further admit that Plaintiffs Maturin, Bernheisel, Touchet, and Walker were laborers. Defendants further admit that Plaintiff Boutte started as a helper and subsequently became a driver. Except as admitted, Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants admit that Plaintiff Boutte had additional duties and responsibilities as a driver and that Plaintiffs performed certain manual labor at different job sites. Except as admitted, Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants admit the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint as written.

39. Defendants admit that Plaintiff Boutte began work as an hourly employee, and he was subsequently given additional duties as a truck driver, when he was put on a salary. Except as admitted, Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants admit that Plaintiff Boutte performed manual labor at the job site and had certain additional duties and responsibilities, including being responsible for tools and equipment, and making sure the truck was loaded and ready for each day's work. Further, Boutte drove between the shop and job sites. Except as admitted, Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants admit that Plaintiff Boutte did not determine what work to perform for any given clients, and he had no input into decisions as to which client to accept, or what rates to charge them. Except as admitted, Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants admit the allegations contained in Paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants admit that Plaintiff Maturin was paid an hourly rate of $9.25, a gross amount of $1,114.63 for the pay period of September 2, 2014 to September 5, 2015, and he was not paid overtime for any hours worked. Except as admitted, Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47. Defendants admit Plaintiff was paid hourly rates of $8.25 and $8.50 during his employment. Except as admitted, Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants admit that Plaintiff Bernheisel was paid an hourly rate of $8.25, a gross amount of $1,266.38 for the pay period of June 16, 2015 to July 1, 2015, and he was not paid

overtime for any hours worked. Except as admitted, Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants admit the allegations contained in Paragraph 49 of the Complaint.

50. Defendants admit that Plaintiff Boutte was paid an hourly rate of $9.25. Except as admitted, Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. Defendants admit that Plaintiff Boutte received an hourly rate of $9.25, a gross amount of $1,373.63 for the pay period of July 16, 2013 to August 1, 2013, and he was not paid overtime for any hours worked. Except as admitted, Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55. Defendants admit that Plaintiff Touchet received an hourly rate of $8.25, a gross amount of $1,155.00 for the pay period of June 16, 2015 to July 1, 2015, and he was not paid overtime for any hours worked. Except as admitted, Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. Defendants admit that employees were required to enter their hours worked in log books. Except as admitted, Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint as written.

61. Paragraph 61 of the Complaint contains statements of law for which no answer is required.

62. Paragraph 62 of the Complaint contains statements of law for which no answer is required.

63. Paragraph 63 of the Complaint contains conclusions of law for which no answer is required. To the extent an answer is required, it is denied.

64. Defendants admit that certain employees were not paid overtime, but deny that the Fair Labor Standards Act was violated.

65. Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67. Defendants admit that Exhibits A and B are the best evidence of their own content. Except as admitted, Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in Paragraph 68 of the Complaint.

## COLLECTIVE ALLEGATIONS

69. Defendants adopt and reurge all responses to Paragraph Nos. 1 through 68, as if fully incorporated herein.

70. Defendants deny the allegations contained in Paragraph 70 of the Complaint as written.

71. Defendants deny the allegations contained in Paragraph 71 of the Complaint as written.

72. Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74. Paragraph 74 of the Complaint contains statements for which no answer is required. To the extent an answer is required, Defendants deny the allegations contained in Paragraph 74 of

the Complaint.

75.     Defendants deny that a collective action is appropriate under the law.

<b><u>FIRST CLAIM FOR RELIEF</u></b><br><b><u>(FLSA INDIVIDUAL VIOLATIONS)</u></b>

76.     Defendants adopt and reurge all responses to Paragraph Nos. 1 through 75, as if fully incorporated herein.

77.     Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78.     Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79.     Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80.     Defendants deny the allegations contained in Paragraph 80 of the Complaint as written.

81.     Defendants admit that Plaintiffs were not paid overtime, but deny that the Fair Labor Standards Act applies and/or was violated.

82.     Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83.     Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85.     Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86.     Defendants deny the allegations contained in Paragraph 86 of the Complaint.

<b><u>SECOND CLAIM FOR RELIEF</u></b><br><b><u>(FLSA COLLECTIVE VIOLATIONS</u></b>

87.     Defendants adopt and reurge all responses to Paragraph Nos. 1 through 86, as if fully incorporated herein.

88.     Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89.     Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90. Defendants deny the allegations contained in Paragraph 90 of the Complaint.

91. Defendants deny the allegations contained in Paragraph 91 of the Complaint as written.

92. Defendants deny the allegations contained in Paragraph 92 of the Complaint as written.

93. Defendants admit that Plaintiffs were not paid overtime for hours worked in excess of 40 hours per week, but deny that the Fair Labor Standards Act applies and/or was violated.

94. Defendants deny the allegations contained in Paragraph 94 of the Complaint.

95. Defendants deny the allegations contained in Paragraph 95 of the Complaint.

96. Defendants deny the allegations contained in Paragraph 96 of the Complaint.

### THIRD CLAIM FOR RELIEF
### (LOUISIANA WAGE PAYMENT ACT INDIVIDUAL VIOLATIONS

97. Defendants adopt and reurge all responses to Paragraph Nos. 1 through 96, as if fully incorporated herein.

98. Defendants deny the allegations contained in Paragraph 98 of the Complaint.

99. Defendants deny the allegations contained in Paragraph 99 of the Complaint.

100. Defendants admit the allegations contained in Paragraph 100 of the Complaint.

101. Defendants admit that Exhibits A and B are the best evidence of their own content. Except as admitted, Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102. Defendants admit that no wages were paid to Plaintiffs after receipt of Exhibits A and B.

103. Defendants deny the allegations contained in Paragraph 103 of the Complaint.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief may be granted. The coverage of the Fair Labor Standards Act does not extend to Plaintiffs or Defendants.

## THIRD DEFENSE

Neither Defendant, alone or together, constitutes an enterprise engaged in commerce or in the production of goods for commerce under 29 U.S.C. § 203.

## FOURTH DEFENSE

No Plaintiff is afforded individual coverage under 29 U.S.C. § 207(a) or any other provision of the Fair Labor Standards Act ("FLSA").

## FIFTH DEFENSE

In the alternative, and only in the event that it is determined that there is individual or enterprise coverage under the FLSA and some or all of the Complaint allegations are found to be compensable under the FLSA and not properly compensated, Defendants assert that all actions made the subject of the Complaint herein were taken in good faith based on a reasonable understanding of the FLSA and were not willful.

## SIXTH DEFENSE

In the alternative, and only in the event that it is determined that there is individual or enterprise coverage under the FLSA and some or all of the Complaint allegations are found to be compensable under the FLSA and not compensated, Defendants assert that Plaintiffs are not entitled to recover liquidated damages.

## SEVENTH DEFENSE

In the alternative, and only in the event that it is determined that there is individual or enterprise coverage under the FLSA and some or all of the Complaint allegtions are found to be compensable under the FLSA and not compensated, Defendants assert that some or all of Plaintiffs' claims, in whole or in part, are barred to the extent that they are not timely under the

applicable limitations period.

## EIGHTH DEFENSE

In the alternative, and only in the event that it is determined that there is individual or enterprise coverage under the FLSA and some or all of the Complaint allegations are found to be compensable under the FLSA and not compensated, Defendants submit this case is not appropriate for collective action.

## NINTH DEFENSE

In the alternative, and only in the event that it is determined that there is individual or enterprise coverage under the FLSA and some or all of the Complaint allegations are found to be compensable under the FLSA and not compensated, Defendants assert that any of Plaintiffs' claims are barred and/or should be reduced, in whole or in part, by exclusions, exceptions, credits, and/or offsets permissible under the FLSA.

## TENTH DEFENSE

In the alternative, and only in the event that it is determined that there is individual or enterprise coverage under the FLSA and some or all of the Complaint allegations are found to be compensable under the FLSA and not compensated, Defendants assert that any time spent in any preliminary or postliminary activities by Plaintiffs must be excluded from any compensable hours of work.

## ELEVENTH DEFENSE

In the alternative, and only in the event that it is determined that there is individual or enterprise coverage under the FLSA and some or all the claims are barred, in whole or in part, because certain individuals may be exempt from the overtime obligations of the FLSA under one

or more exemptions or combination of exemptions.

## TWELFTH DEFENSE

Some or all of Plaintiffs' claims may be barred, in whole or in part, by the doctrine of unclean hands to the extent there are any timekeeping and recordkeeping violations, including but not limited falsification of time records.

## THIRTEENTH DEFENSE

Defendants submit that injunctive relief is not available in suits by private individuals.

## FOURTEENTH DEFENSE

Defendants reserve the right to amend their answer by adding defenses, exceptions, counterclaims, cross claims, by instituting third party demands as additional facts are obtained through investigation and discovery. Defendants preserve, and do not waive, any affirmative defenses or any other matter constituting an avoidance or affirmative defense that discovery may reveal to be applicable.

Defendants submit that Plaintiffs are entitled to no remedy from Defendants.

Wherefore, Defendants, Nature Works and Eric Landry, pray that their answer be deemed good and sufficient and that, after due proceedings, there be judgment in their favor, and against Plaintiffs, dismissing the suit at Plaintiffs' cost, and that Defendants be granted such other relief as justice and equity may require and permit.

Respectfully submitted,

JUNEAU DAVID, APLC

 */s/* Robert J. David, Jr.
ROBERT J. DAVID, JR. (#21554)
rjd@juneaudavid.com
ALYSE S. RICHARD (#31936)
asr@juneaudavid.com
1018 Harding Street, Suite 202
Post Office Drawer 51268
Lafayette, LA   70505-1268
Ph: (337) 269-0052
Fax: (337) 269-0061

Counsel for Defendants, Nature Works and Eric Landry

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2016 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all known counsel of record who are participants.

 */s/* Robert J. David, Jr.